SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000 (telephone)
(212) 593-5955 (facsimile)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

THE RETIREMENT PLAN OF THE UNITE HERE
NATIONAL RETIREMENT FUND and the Trustees of
the UNITE HERE National Retirement Fund,

       Plaintiffs,

  - against -

CLARION BEACHWOOD HOTEL,

       Defendant.

-------------------------------------------------------------------- x

COMPLAINT

07 Civ. _____

  Plaintiffs, by their attorneys, Schulte Roth & Zabel LLP, as and for their complaint against defendant, Clarion Beachwood Hotel ("Clarion"), allege as follows:

## NATURE OF THE ACTION

  1. Plaintiffs, the Retirement Plan (the "Plan") of the UNITE HERE National Retirement Fund (the "Fund"), an employee pension benefit plan, and the Board of Trustees of the Fund, the plan sponsors and fiduciary of the Plan, bring this action under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3), to enforce the provisions of an employee benefits plan, and to collect unpaid contributions, interest, liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

  2. This Court has jurisdiction over this action pursuant to Sections 502(a)(3), (e)(1) and (f) of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f).

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in part in the Southern District of New York at 730 Broadway, New York, New York 10003.

**PARTIES**

4. The Fund is a Taft-Hartley trust fund with trustees equally represented by labor organizations affiliated with UNITE HERE (the "Union") and employers that contribute to the Fund. The Fund is established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5).

5. The Board of Trustees of the Fund is the plan sponsor of the Plan, an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2) and (3), and a defined benefit plan within the meaning of Section 3(35) of ERISA, 29 U.S.C. § 1002(35), established and maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

6. The Plan is a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and is authorized to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

7. Plaintiffs, the Trustees of the Fund, are fiduciaries of the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

8. Clarion is an employer within the meaning of Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11), and (12), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

9. On September 1, 2005, Clarion commenced participation in and began an obligation to contribute to the UNITE HERE Workers Pension Fund (the "WPF") pursuant to the

terms of a participation agreement between Clarion and the Union (the "Participation Agreement"). Effective as of September 30, 2007, the WPF merged into and became a part of the Fund. Accordingly, since September 30, 2007, Clarion is obligated to contribute to the Plan.

10. Clarion, while a participating employer in the WPF, and pursuant to the Participation Agreement, was bound by the terms of the Fourth Amended and Restated Agreement and Declaration of Trust ("WPF Trust Agreement").

11. Since September 30, 2007, as a participating employer in the Plan, Clarion is bound by the Amended and Restated Agreement and Declaration of Trust of the Fund, as amended (the "NRF Trust Agreement," and together with the WPF Trust Agreement, the "Trust Agreements").

12. Participating employers in the WPF, like Clarion, were obligated to submit remittance reports to the Fund concerning their contributions (the "Contribution Reports"), pursuant to Section 4.3 of the WPF Trust Agreement.

13. Participating employers in the Fund, like Clarion, are obligated to submit Contribution Reports pursuant to Section 4.3 of the NRF Trust Agreement.

14. Clarion failed to make its monthly contributions to the WPF for the period July 2006 through September 2007, and has failed to make its monthly contributions to the Fund for the period October 2007 through the present (collectively, the "Unpaid Contributions").

15. Clarion failed to submit Contribution Reports to the WPF for the period of July 2006 through September 2007, and has failed to submit Contribution Reports to the Plan for the period October 2007 through the present.

16. By letter dated May 2, 2007 to Joe Corrigan, General Manager of Clarion, the Fund Manager of the WPF demanded payment for the Unpaid Contributions.

17. By letter dated September 25, 2007 to Mr. Corrigan, counsel for the Plan demanded payment for the Unpaid Contributions.

18. As of October 19, 2007, Clarion owes the Fund Unpaid Contributions for the period July 2006 to the present and Contribution Reports for July 2006 to the present.

### FIRST CAUSE OF ACTION

19. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiffs are entitled to collect the total amount of Unpaid Contributions due to the Fund for the period July 2006 to the present, pursuant to the Trust Agreements and ERISA.

21. Plaintiffs are entitled to collect interest on the Unpaid Contributions in the amount of one percent (1%) per month, pursuant to Section 4.4 of the WPF Trust Agreement, Section 4.7 of the NRF Trust Agreement, and ERISA.

22. Plaintiffs are entitled to collect liquidated damages in the amount of twenty percent (20%) of the Unpaid Contributions, pursuant to Section 4.4 of the WPF Trust Agreement, Section 4.7 of the NRF Trust Agreement, and ERISA.

23. Plaintiffs are entitled to collect the costs and attorneys' fees incurred in collecting the Unpaid Contributions and the missing Contribution Reports, pursuant to Section 4.4 of the WPF Trust Agreement, Section 4.7 of the NRF Trust Agreement, and ERISA.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following judgment in favor of Plaintiffs and against Clarion:

      A.     That Clarion be compelled to make an accurate written account for payments due to the Fund because of Clarion's failure to remit Contribution Reports for the period July 2006 through the present;

      B.     That Clarion be held liable for the full amount of the Unpaid Contributions, estimated at $1,544.85 as of October 19, 2007;

      C.     That Clarion be held liable for all prejudgment interest attributable to the Unpaid Contributions computed at the rate of one percent (1%) per month in accordance with the Trust Agreements, from the date of the Unpaid Contributions through the date the Plan receives these contributions, estimated at $204.49 as of October 19, 2007, plus such additional interest as may be determined to be justly due and owed to the Plan during the period of this action and before final judgment;

      D.     That Clarion be held liable for liquidated damages attributable to the Unpaid Contributions computed at the rate of twenty percent (20%) of the Unpaid Contributions in accordance with the Trust Agreements, estimated at $308.97 as of October 19, 2007;

      E.     That Clarion be held liable to the Fund for its costs and expenses incurred in connection with this action, including its reasonable attorneys' fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Section 4.4 of the WPF Trust Agreement and Section 4.7 of the NRF Trust Agreement; and

      F.     That Plaintiffs shall have such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
      October 24, 2007

                                    SCHULTE ROTH & ZABEL LLP

                            By: _____
                                  Jaimie C. Davis

                                  919 Third Avenue
                                  New York, New York  10022
                                  (212) 756-2000 (telephone)
                                  (212) 593-5955 (facsimile)

                                  Attorneys for Plaintiffs