SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
(212) 756-2000 (telephone)
(212) 593-5955 (facsimile)

Attorneys for Plaintiffs



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/26/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THE RETIREMENT PLAN OF THE UNITE HERE
NATIONAL RETIREMENT FUND and the Trustees of
the UNITE HERE National Retirement Fund,

                    Plaintiffs,

          - against -

CLARION BEACHWOOD HOTEL,

                    Defendant.
------------------------------------------------------------x

07 Civ. 9509 (AH)

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL SUBJECT TO TERMS**

      IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, and it is SO ORDERED by the Court pursuant to Rule 41 of the Federal Rules of Civil Procedure, that:

      1.    The above-captioned case, and any and all claims asserted therein, is dismissed without costs to any party, subject to the terms of the Settlement Agreement (the "Agreement") between plaintiffs, the Retirement Plan of the Unite Here National Retirement Fund ("Plaintiffs"), and Clarion Beachwood Hotel ("Defendant") dated January 15, 2008;

      2.    In the event of a default under the terms of the Agreement, Plaintiffs may submit to the Court an affidavit reciting the event of default, providing the Court with a copy of the Agreement and requesting the entry of judgment in accordance with the Agreement;

      3.    In the event of a default under the terms of the Agreement, the Court may enter an order reopening this matter for the limited purpose of entering a judgment in accordance with the Agreement; and

4. This Court shall retain jurisdiction over the parties for the purposes of the enforcement of the Agreement and this Order.

_____
ALVIN HELLERSTEIN, U.S.D.J.    2/25/08

| SCHULTE ROTH & ZABEL LLP | Nicola, Gudbranson & Cooper, LLC |
| 919 Third Avenue | 25 West Prospect Ave. |
| New York, New York 10022 | Cleveland, Ohio 44115 |

By: _Jaimie Davis_                    By: _John Sayre_
    Jaimie Davis                          John Sayre
Dated: 1/22/08                         Dated: 1/22/08

Attorneys for Plaintiffs              Attorneys for Defendant

2

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is entered into by and among the RETIREMENT PLAN OF THE UNITE HERE NATIONAL RETIREMENT FUND and the Trustees of the UNITE HERE National Retirement Fund (collectively, the "Fund"), and CLARION BEACHWOOD HOTEL ("Clarion") (collectively, the "Parties").

### WITNESSETH:

WHEREAS, the Fund commenced litigation against Clarion in the United States District Court, Southern District of New York, to collect unpaid contributions, interest, liquidated damages, attorneys' fees, and costs due to the Fund for the period July 2006 to date, such action entitled THE RETIREMENT PLAN OF THE UNITE HERE NATIONAL RETIREMENT FUND and the Trustees of the UNITE HERE National Retirement Fund v. CLARION BEACHWOOD HOTEL, 07 Civ. 9509 (the "Action");

WHEREAS, after commencement of the Action, Clarion paid the delinquent contributions it owed to the Fund for the period July 2006 through September 2007 (the "Delinquent Contributions");

WHEREAS, after commencement of the Action, Clarion submitted monthly accountings of contributions owed to the Fund for the period July 2006 through September 2007 (the "Contribution Reports"); and

WHEREAS, the Parties have agreed to settle the disputes that gave rise to the Action and to dismiss the Action on the terms set forth in this Agreement.

NOW, THEREFORE, in consideration of the covenants and conditions set forth herein, the Parties, intending to be legally bound, agree as follows:

1. **Interest.** Clarion acknowledges that the Fund charges interest at a rate of one percent (1%) per month, compounded monthly and calculated from the first day of the month following the date payment is originally due through the date payment is actually made. Clarion acknowledges that interest accrued on the Delinquent Contributions in the amount of $246.89 ("Interest").

2. **Liquidated Damages, Costs and Attorneys' Fees.** Clarion acknowledges that the Fund is entitled to collect liquidated damages equal to twenty percent (20%) of the Delinquent Contributions ("Liquidated Damages"), as well as costs and attorneys' fees attributable to collecting the Delinquent Contributions. Clarion acknowledges that Liquidated Damages on the Delinquent Contributions equal $519.50 (20% of the Delinquent Contributions). Clarion acknowledges that the Fund has incurred costs and attorneys' fees in the approximate amount of $7,288.00 ("Costs").

3. **Lump-Sum Payment.**

(a) In consideration of the actions of the Fund under this Agreement, Clarion shall pay the Fund a total of Five Thousand dollars ($5,000.00) in one lump-sum payment (the "Lump-Sum Payment") on or before January 20, 2008. The Lump Sum Payment shall be accepted by the Fund in full and complete settlement of the Interest, Liquidated Damages and Costs owed to the Fund. Upon execution by the Parties of this Agreement, the Lump-Sum Payment by regular check payable to the "UNITE HERE National Retirement Fund" shall be delivered to Richard N. Rust, Fund Manager, UNITE HERE National Retirement Fund, 6 Blackstone Valley Place, Suite 302, Lincoln, RI 02865.

(b) If Clarion fails to remit the Lump-Sum Payment due under this Agreement, Clarion shall be deemed in breach of this Agreement, and the full amount of the Interest, Liquidated Damages, and Costs shall become immediately due. The Fund may commence an action to enforce this Agreement with no notice to Clarion. If the Fund commences any proceeding to collect the amount due under this Agreement, Clarion agrees that in addition to the enforcement of this Agreement, the Fund shall be entitled to recover attorneys' fees and other costs and expenses incurred by the Fund in the Lawsuit and in collecting such amount due and such other legal and equitable relief.

4. Dismissal of Action with Prejudice. Upon execution of this Agreement by the Parties, the Fund and Clarion, through their attorneys, shall execute and enter into a Stipulation of Dismissal, in the form annexed to this Agreement as Exhibit A, by which the Parties jointly request dismissal of the Action with prejudice. Counsel for the Fund shall file the Stipulation of Settlement and Order of Dismissal within ten (10) business days following the latest of (i) receipt by the Fund of the Lump-Sum Payment, (ii) receipt by counsel for the Fund of the Stipulation of Settlement and Order of Dismissal executed by counsel for Clarion, or (iii) receipt by counsel for the Fund of this executed Agreement.

5. Releases.

a. Fund's Release. Effective immediately upon the Fund's timely receipt of the Lump-Sum Payment as set forth in paragraph 3 of this Agreement, except as otherwise provided in this Agreement, the Fund and each of its current and former trustees, employees, agents, fiduciaries, attorneys, predecessors, successors and assigns (the "Fund Releasors") hereby release and discharge Clarion, its affiliates, and their directors, officers and employees (collectively, the "Clarion Parties") for the Delinquent Contributions to the Fund. Nothing in this Agreement releases any matters relating to or arising from a withdrawal from the Fund by Clarion.

b. Clarion Parties' Release. Effective immediately, except as otherwise provided in this Agreement, the Clarion Parties release the Fund, and each of its current and former trustees, employees, agents, fiduciaries, attorneys, successors and assigns, from any and all claims, charges, manner of actions and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, charges, claims, and demands whatsoever which Clarion has, or may hereafter have against the Fund arising out of or by reason of any cause, matter or thing whatsoever, whether known or unknown,

from the beginning of the world to the date hereof, including without limitation any and all matters arising under any federal, state or local statute, rule or regulation or principle of contract law or common law.

6. Confidentiality of Agreement. Clarion agrees that the terms and conditions of this Agreement are confidential and they will not disclose any of the terms of this Agreement to any third parties, other than to their respective attorneys and other professional advisors or as required by law or may be necessary to enforce this Agreement. Clarion agrees that a breach of this provision voids the Fund's obligations hereunder.

7. Governing Law. This Agreement shall be governed by and construed and enforced in accordance with ERISA, and to the extent not preempted by federal law, the laws of the State of New York, without regard to choice of law provisions. The Parties hereto irrevocably agree to submit to the jurisdiction and venue of the state and federal courts of the State of New York, County of New York, in any action or proceeding brought with respect to or in connection with the Agreement.

8. Successors and Assigns. This Agreement and all of its terms and provisions shall inure to the benefit of and bind the Parties and each of their predecessors, successors, assigns, heirs, executors, administrators and transferees.

9. Entire Agreement. This Agreement, and its exhibits, constitute the entire agreement between the Parties with respect to the subject matter hereof and supersede any and all prior agreements or understandings between the parties arising out of or relating to the subject matter hereof, except that nothing in this Agreement shall be construed to reduce or limit the obligations of Clarion under the Collective Bargaining Agreement and the Trust. This Agreement may only be amended by a writing executed by all Parties.

10. Knowing and Voluntary. The Parties acknowledge that they have consulted with counsel regarding this Agreement and that they knowingly and voluntarily agree to the terms of this Agreement.

11. Execution. The Agreement may be executed in counterparts, each of which shall be deemed an original.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date and year below written.

Agreed to this _15th_ day    CLARION BEACHWOOD HOTEL
of _January_, 2008 by:

By: _[signature]_
Name:
Title: _Owner_

-3-

Agreed to this 17th day of January, 2008 by: THE RETIREMENT PLAN OF THE UNITE HERE NATIONAL RETIREMENT FUND and the Trustees of the UNITE HERE National Retirement Fund

By: _____
Name: Richard N. Rust
Title: Fund Manager